EDITH YOUNG, Appellant, v. CITY OF SIOUX CITY, Appellee.

No. 46283.

JUNE 15, 1943.

Carlos W. Goltz and H. C. Harper, both of Sioux City, and William P. Welch, of Logan, for appellant.

V. O. DeWitt and R. W. Crary, both of Sioux City, for appellee.

WENNERSTRUM, J.—The plaintiff, Edith Young, is the duly appointed police matron of Sioux City, Iowa. She has held this position since September 3, 1924. The salary paid her since her appointment, with the exception of a short period of time, has been $1,560 per year, which remuneration has been fixed by city ordinance. She has brought an action in equity for accounting against the defendant city claiming that she had not been paid the entire amount due her since the time of her appointment and asking for judgment for such delinquencies in payment as the court might find to be due her. Upon trial of this action the court found in favor of the defendant city and dismissed plaintiff's petition. She has appealed.

Our consideration of this case necessitates the interpretation of Code section 5667, 1939 Code of Iowa, which is as follows:

"Compensation of matrons. Police matrons shall receive not less in any case than the minimum salary paid to policemen in the city in which they are appointed."

It is conceded by both parties that when the original legislation relative to the appointment of a police matron was passed by the Twenty-fifth General Assembly, chapter 15, section 6, the original statute referred to "the minimum salary paid to *patrolmen* in the city in which such matrons are appointed." (Italics supplied.) It is further conceded that when the statutes were recodified in the Code of 1897, section 672 of that Code, now section 5667 of the present Code, made reference to "the minimum salary paid to *policemen* in the city in which they are appointed." (Italics supplied.) Both parties are agreed that the reference to policemen in the present statute

should have the same application as though the word patrolmen had been used.

The record shows that under the present ordinance passed by the City of Sioux City, the patrolmen of that city receive $1,560 during the first year of their service, $1,680 during the second year, and $1,800 per year for the third year of service. It is further shown that since 1938 it has been necessary, in order to receive the pay of third-year patrolmen, that they qualify themselves by the obtaining of a certificate in Red Cross first aid, a certificate as third-class radiotelephone operator, and a certificate in marksmanship, as prescribed in the standard American course. It was admitted by the plaintiff that she had not received a certificate as a radiotelephone operator or a certificate in marksmanship. It is plaintiff's contention that her salary as police matron should be computed on the same basis as that applied to other patrolmen, and inasmuch as she had had more than three years of service, the salary due her should be on that basis. In other words, it is her contention that she is entitled to receive the same salary as the maximum received by a patrolman who had served two or three years.

Counsel for plaintiff, in their submission before this court, argued that the plaintiff's minimum salary should be the equivalent of a third-year patrolman's salary because of the length of her service. We cannot approve of this reasoning. If this course is followed, the plaintiff's minimum salary would be the same as a patrolman's maximum salary. A maximum salary payment for one person cannot mean a minimum payment for another, particularly when there is a schedule providing for different payments.

The interpretation of the term "minimum salary" apparently has not been the occasion of any previous litigation. However, in connection with the question as to what constitutes "minimum capital stock," the Circuit Court of Appeals, in the case of Kaminsky v. Phinizy, 5 Cir., Ga., 54 F. 2d 16, 17, made this comment:

"What is meant by 'the minimum capital stock' is the lowest amount named where the charter states that the capital

shall be a stated sum with the privilege of increase. Rosenheim Shoe Co. v. Horne, 10 Ga. App. 582, 587, 73 S. E. 953.''

Webster's New International Dictionary, 2d Ed., defines minimum as, ''The least quantity or amount assignable, admissible, possible, etc., in a given case.'' Century Dictionary defines minimum as ''of the smallest possible amount or degree; least; smallest.''

■ It is our conclusion that minimum salary, as used in the statute under consideration, means the least or lowest salary that is possible of payment under the schedule of salaries adopted. It is disclosed by the record that during the entire period that the plaintiff had served as police matron she had received the amount paid to a first-year patrolman in Sioux City. During this same period the salary of a first-year patrolman has been $1,560, with the exception of a brief period when all patrolmen's salaries were temporarily reduced. We can reach no other conclusion except that she has received the least or lowest amount that could be paid to a patrolman in Sioux City, and consequently her compensation has not been ''less * * * than the minimum salary paid to policemen in the city in which they are appointed.''

It has been suggested that during a portion of the time that the plaintiff has served as police matron there were no first-year patrolmen in the service, and it is contended that under these circumstances the plaintiff should receive the minimum salary paid to patrolmen in service during that period. We do not believe the statute can or should be given this interpretation.

We have concluded that the trial court was justified in dismissing plaintiff's petition. By reason of our comments and conclusions heretofore set forth we do not deem it necessary to comment upon other pleaded defenses as presented by the defendant city.—Affirmed.

GARFIELD, C. J., and HALE, MANTZ, SMITH, MILLER, BLISS, and MULRONEY, JJ., concur.